**In re Harold R. OFFIELD, Debtor.**

**Bankruptcy No. 87–02079–2–12.**

United States Bankruptcy Court, W.D. Missouri.

Aug. 25, 1987.

David G. Nixon, Fayetteville, Ark., Jackie Bailey, Marceline, Mo., for debtor.

Robert Cowherd, Chillicothe, Mo., for Chillicothe State Bank.

## ORDER DISMISSING CASE

FRANK W. KROGER, Bankruptcy Judge.

Debtor filed his petition under Chapter 12, Title 11 U.S.C. on May 6, 1987, and an Order For Relief was entered on said date. Pursuant to the provisions of § 1221, debtor was required to file his plan by August 5, 1987. Debtor did not do so, and as of August 25, 1987, has not yet done so. In-

stead on August 14, 1987, debtor filed a request for an extension of time to file a plan. Such request for extension was open-ended (in that it did not request any specified period of time) and apparently was requested for a period of time to be determined by the resolution of an adversary action that debtor indicated he intended to file against the Chillicothe State Bank to recover "substantial property of the estate". As of August 25, 1987, said adversary has not been filed.

This Court has already ruled that failure to file a plan on the ninetieth day is not jurisdictional and that a plan filed on the ninety-second day may be confirmed, *In re Raylyn AG, Inc.*, 72 B.R. 523 (Bankr.S.D. Iowa 1987), a decision being appealed rather than applauded by the Farmers Home Administration. However, there comes a point at which the Court can only look to and apply the law as set out in the statute itself. Section 1221 provides that a plan "shall be filed not later than ninety days after the order for relief". In this case no plan has been filed although one hundred and ten (110) days have passed since the Order for Relief was entered. The comments of Senator Grassley contained in the Conference Reports are clear and unequivocal as to what should happen under such circumstances.

The Objection of the Chillicothe State Bank to the Motion is SUSTAINED and this case is DISMISSED.