**In re Billy E. TURNER and Carolyn S. Turner, Debtors.**

**Bankruptcy No. 87–11346–B.**

United States Bankruptcy Court,
W.D. Tennessee,
W.D.

Jan. 29, 1988.

William C. Bell, Jackson, Tenn., for Travelers Ins. Co.

Michael T. Tabor, Jackson, Tenn., for debtor.

Gary Vanasek, Asst. U.S. Atty., Memphis, Tenn.

## MEMORANDUM OPINION AND ORDER ON MOTION OF TRAVELERS INSURANCE COMPANIES FOR ADEQUATE PROTECTION AND ON MOTION OF TRAVELERS INSURANCE COMPANIES CLAIMING GOVERNMENT PROCEEDS AS SECURITY

WILLIAM HOUSTON BROWN, Bankruptcy Judge.

Two motions came on for hearing at two separate proceedings on December 9, 1987, and January 13, 1988, and the two contested matters are consolidated for decision in this Memorandum Opinion and Order. These contested matters present core proceedings pursuant to 28 U.S.C. Section 157(b)(2)(A), (G), (K), (M) and (O); therefore, the Court will make final findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, subject to appeal to the United States District Court.

The case history is brief in this matter because the Debtors' petition was filed on October 8, 1987, and no plan confirmation has yet occurred. The Debtors' plan has been filed and a pre-trial on the plan confirmation is set for February 10, 1988. Other motions for adequate protection or relief from stay have been filed by other creditors; however, those requests for relief are not pertinent to this decision. In its motion for adequate protection, Travelers Insurance Companies (hereinafter "Travelers") moved the Court for adequate protection pursuant to 11 U.S.C. Section 1205(b)(3), requesting specifically that Travelers be given "reasonable rent customary in the community where the property is located based upon the rental value, net income and earning capacity of the property." Section 1205 provides:

**Adequate Protection:**

(a) Section 361 does not apply in a case under this chapter.

(b) In a case under this chapter, when adequate protection is required under Section 362, 363 or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under Section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of property securing a claim or of any entity's ownership interest in property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of property securing a claim or of an entity's ownership interest in property;

(3) paying to such entity for the use of farmland the reasonable rent customary in the community where the property is located, based upon the rental value, net income, and earning capacity of the property; or

(4) granting such other relief, other than entitling such entity to compensation allowance under section 503(b)(1) of this title as an administrative expense, as will adequately protect the value of property securing a claim or of such entity's ownership interest in property.

There appears to be no dispute that Travelers is secured by a first lien on approximately 1,039 acres of real estate in Obion County, Tennessee and that Travelers is an undersecured creditor. At the hearing on this motion, there was testimony from an expert witness, James Murdaugh, an appraiser. However, Mr. Murdaugh did not testify as to his opinion on the value of the real estate; rather, he limited his testimony to the reasonable rental value. Mr. Murdaugh found that the reasonable rental value of the entire farm property was $39,575.00 per year.

The Debtor, Billy E. Turner, also testified as to his opinion of fair rental value and he stated that for beans, a fair rental value would be $30.00 to $40.00 per acre and for corn, a fair rental would be $40.00 per acre. A significant portion of the Debtors' land is hilly, suitable only for a pasture land, with a reasonable rental value of $12.00 per acre, in the Debtor's opinion. The Debtor also testified as to certain improvements he had made to the farm property in 1987, apparently to support the Debtor's argument that adequate protection could be given to Travelers by those improvements, rather than by rental payments.

Travelers' motion specifically alleges that the Debtor's "use of the property ... creates a situation wherein Travelers is entitled to adequate protection pursuant to 11 U.S.C. Section 1205, so as to adequately protect Travelers for the Debtor's continued use of property mortgaged to Travelers." Travelers further, in its written motion, requested that cash payments be made to it "pending confirmation and payments provided under the plan, to compensate Travelers' for the reasonable rent customary in the community where the property is located." The same basic argument was made by Travelers at the oral hearing.

There was no proof introduced by either Debtors or Travelers as to the value of the farm property nor as to whether the farm property was decreasing in value. More particularly, there was no proof introduced and no argument made that the real estate, securing Travelers' mortgage, would depreciate in value between the filing of the Debtors' petition and confirmation of the plan.

Section 1205(b) states that "when adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by" various means, including reasonable rental payments. However, this requires a showing that adequate protection is mandated under one of those enumerated Code sections. Travelers does not state in its motion for adequate protection that it desires or is

asking for relief from the stay. Therefore, Section 362 does not apply in this case. Section 364, of course, provides for a means for obtaining credit and that Section is not applicable in the instant case. Travelers, therefore, must be relying on Section 363(e) which provides:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. 11 U.S.C. Section 363(e).

It is clear that the court must first make a finding that adequate protection is necessary under Section 363(e). The entire concept of adequate protection is one founded on the requirement that a secured creditor be given some protection from its collateral or property being used and diminished in value. As stated by Collier, the value of a creditor's "secured position as it existed at the commencement of the case is to be protected throughout the case when adequate protection is required." 2 *Collier on Bankruptcy*, paragraph 362–01 at p. 361–7, (15th Ed.1987). Travelers seems to recognize the fact that adequate protection is a requirement applying "primarily in the context of pre-confirmation proceedings." *In re Monnier Bros.*, 755 F.2d 1336, 1340 (8th Cir.1985); see also *In re Snider Farms, Inc.*, 79 B.R. 801, 808 (Bkrtcy.N.D.Ind. 1987). As Debtor's counsel asserted in the hearing on this motion, Section 1205 is intended to provide adequate protection for a limited time between the filing of the Debtors' petition and confirmation of a plan or denial of confirmation. Adequate protection is not a concept that is included in the plan payments, since the Code contemplates that the creditor will receive a value, as of the effective date of the plan, not less than the allowed amount of a secured creditor's claim. 11 U.S.C. Section 1225(a)(5)(B)(ii); cf. *In re Snider Farms, supra.*

The provision in Section 1205(b)(3) of a unique method of adequate protection for Chapter 12 cases in the form of reasonable rents does not automatically mandate that all creditors such as Travelers are entitled to adequate protection payments in this fashion. Rather, the secured creditor is still required to show a necessity for adequate protection, which would include, in this case at least, a showing that the farm property securing Travelers' debt was likely to decrease in value between the time of filing of the Debtors' petition and action by the court on confirmation. Had that showing been made by Travelers, Section 1205(b)(3) appears to provide a *per se* form of adequate protection. That is, the fair rental value is adequate protection without the necessity of the rental fully compensating for a decline in land values. *In re Kocher*, 78 B.R. 844, 16 B.C.D. 558, 562 (Bkrtcy.S.D.Ohio 1987).

The time periods for Chapter 12 cases are, of course, statutorily mandated and are significantly shorter than those time limitations for Chapter 11 cases. A debtor must file its plan not later than ninety days after the order for relief. Section 1221. A hearing on confirmation, except as extended for cause, shall be conducted not later than forty-five days after the filing of the plan. Section 1224. In this district, the clerk's office, debtors and creditors have been cooperative in complying with these statutory requirements, and there is no pending request in this case for adjustment of these time mandates. This case therefore is on a fast track, which, in itself, provides protections for secured creditors similarly situated to Travelers. There certainly may exist the Chapter 12 case where an undersecured creditor, such as Travelers, could satisfy the court that the collateral was diminishing in value so as to justify adequate protection rental payments. Such a showing has not been offered nor made in this case.

Clearly, if Travelers is attempting to obtain rental payments merely as compensation for the loss of use of its collateral during this interval, that request would be in reality a request for lost oppor-

tunity cost. Such lost opportunity costs are not allowed in Chapter 12 cases, since Section 1205(a) specifically provides that Section 361 of the Code does not apply to Chapter 12 cases. The exclusion of Section 361 eliminates the "indubitable equivalent" standard of adequate protection. HR Conf.Rep. No. 99–958, 99th Cong.2d Sess. 49–50 (1986), U.S.Code Cong. & Admin. News 1986, pp. 5227, 5250, as reported in *Norton Bankruptcy Code Pamphlet* 1987–1988 Ed. pp. 858–859. The legislative comments to Section 1205 reflect that Congress intended to protect the value of the property involved, not the value of the creditor's interest in that property. The Debtors and creditor here admit that Travelers is undersecured. It has not yet been established as to what extent they are secured. However, to justify adequate protection payments under Section 1205, the creditor must show that the value of the property is suffering. *See*, HR Conf.Rep. No. 99–958, 99th Cong.2d Sess. 49–50 (1986), *supra*. The few reported cases on Chapter 12 adequate protection confirm that an undersecured creditor is not entitled to lost opportunity costs. *See, e.g., In re Raylyn Ag., Inc.*, 72 B.R. 523, 524 (Bkrtcy.S.D.Iowa 1987); *In re Rennich*, 70 B.R. 69 (Bkrtcy. D.S.D.1987). The Supreme Court has upheld the Fifth Circuit in *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, —— U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), holding that interest on collateral during the stay is not allowable to undersecured creditors under Section 362(d)(1). Therefore, lost opportunity costs to undersecured creditors is not permitted.

█ The Court, therefore, concludes that based upon the testimony and record in this case, the creditor has not yet established that it is entitled to adequate protection. Merely because the Debtors propose and intend to continue using the farm land secured to this creditor does not entitle the creditor to automatically recover rent under Section 1205(b)(3). The Court does not read Section 1205(b)(3) to mean that rent is always required. The motion for adequate protection is denied. Travelers is not barred from refiling its motion for ade-

quate protection and asserting proof to show a diminution in farm value prior to confirmation. *Cf. In re Raylyn Ag., Inc., supra*, at 524. The value of this creditor's secured claim has not yet been determined; therefore, the court is not now ruling upon any valuation. However, the Court observes that capitalization of the "fair rental" payments has been held not to be a method of valuing a creditor's secured claim. *In re Beyer*, 72 B.R. 525 (Bkrtcy.D. Colo.1987). Assuming a plan is confirmed in this case, this creditor should be protected for its post-confirmation payments by the valuation fixed either at confirmation or prior thereto.

In its second motion, the same creditor moves the court to find that all funds to be paid to the Debtors through any government farm programs or from any other rents and profits derived from the property described in the creditor's trust deed are subject to the trust deed and constitute collateral securing Travelers. As a part of that motion, the creditor asserts that any monies to be paid to the Debtors by government farm programs constitute cash collateral and require an order of this Court for the use thereof. This is a matter of first impression before this Court, and the resolution of whether the government payments are cash collateral secured to this creditor under its deed of trust language securing "rents and profits" is an issue which would require the Court to weigh not merely bankruptcy law but state law governing this deed of trust. Further, federal issues of exemption of specific government payments from state security interests may be presented. *See, In re Lehl*, 79 B.R. 880 (Bkrtcy.D.Neb.1987). In *Lehl*, the Court found that the government certificate at issue had on its face an exemption from state law security interests. This Court has not seen these Debtors' government certificates or other documents. This subject matter is serious and should be fully explored, presented and briefed and proof should be developed and presented before a decision is made. If Travelers wishes to pursue this requested relief, the Court is directing that an adversary proceeding be filed with the appropri-

ate filing fee. Bankruptcy Rule 7001(2). Therefore, the motion filed by Travelers for security in government prodeeds is denied, without prejudice to Travelers' filing a proper adversary proceeding.