**In re Stanley Gene SHOUSE, Nancy Carol Shouse, Robert Goad Shouse, Janie Faye Shouse, Debtors.**

Bankruptcy Nos. 4–88–00258, 4–88–00259.

United States Bankruptcy Court, W.D. Kentucky.

Sept. 23, 1988.

Merritt S. Deitz, Jr., Sebree, Ky., for debtors.

Michael Fiorella, Owensboro, Ky., for creditor Richard Shouse.

## MEMORANDUM OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is before the Court on the motion of the Creditor, Richard Shouse (hereinafter, "Creditor") for Relief from the Automatic Stay and/or in the alternative, for Adequate Protection. This Court having reviewed the parties' memorandum in support of their respective positions and being otherwise sufficiently advised, concludes that the Motion for Relief from the Stay and/or for Adequate Protection must be overruled.

The facts giving rise to this proceeding are straight forward and without dispute. On April 8, 1988, Stanley and Nancy Shouse and Robert and Janie Shouse filed their Chapter 12 bankruptcy petition. As of the date of filing, Creditor, Richard Shouse, had a claim against the debtors for $1,035,173.30. The Creditor's claim is secured by a first mortgage on several farm tracts and a second mortgage on another tract. The value of the real property which is the subject of the mortgage is somewhere between $590,000.00 and $730,000.00.

On April 12, 1988, Creditor filed with the Court a motion for relief from the stay under § 362(d) or in the alternative, a request for adequate protection payments for the use of the farmland under 11 U.S.C. § 1205(b)(3). The Creditor argues that its "interest in property" as set forth in § 362(d) includes the right to take immediate possession of the collateral on the debtor's default. To the extent that the automatic stay delays the creditor's foreclosure rights, the Creditor contends that it is denied the "use" of that property. Since § 1205(b)(3) provides for adequate protection in the form of reasonable rental payments, the Creditor concludes it is entitled to such payments as compensation for its delay in foreclosing on the collateral. On May 5, 1988, the debtors filed a response to the motion, alleging that the creditor is not entitled to reasonable rental payments as

compensation for use value or lost opportunity costs and that no adequate protection may be awarded absent a showing that the real estate is diminishing in value, citing the cases of *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988) and *In re Turner*, 82 B.R. 465 (Bkrtcy.W.D.Tenn.1988).

The primary issue in this case is whether an undersecured creditor who is stayed by a Chapter 12 bankruptcy petition from repossessing its collateral is entitled, under the concept of adequate protection, to compensation for the delay in enforcing its rights against the collateral. Section 362(d) authorizes a "party in interest" to request relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property". Section 361 illustrates the various forms of adequate protection in all proceedings other than Chapter 12 cases. In a Chapter 12 proceeding, Congress provided a separate standard for adequate protection by enacting Section 1205. Neither section precisely defines "adequate protection" or describes what is meant to be protected. In the present case, in an effort to determine whether the Creditor can benefit from the type of adequate protection requested under § 1205(b)(3), this Court must first determine whether adequate protection is necessary under § 362, § 363 or § 364 of the Code. To do this, the Court must ultimately decide *what* interest is to be protected.

The Supreme Court in *Timbers, supra,* was faced with a similar situation in the context of a Chapter 11 proceeding. The Supreme Court held in that case that the "interest in property" protected by § 362(d)(1) does not include a secured creditor's right to immediate foreclosure and thus, a Chapter 11 undersecured creditor is not entitled to compensation for the delay caused by the automatic stay in foreclosing on their collateral. The Creditor attempts to distinguish the *Timbers* opinion by arguing that *Timbers* was a Chapter 11 case which involved an interpretation of adequate protection under § 361 which is expressly excluded in Chapter 12 cases under § 1205.

This Court is not so persuaded. As stated previously, in order to provide adequate protection under either section of the Code (§ 361 or § 1205), this Court must first determine whether adequate protection is actually necessary. Section 361 provides for adequate protection of "an interest of an entity in property ... to the extent that the stay results in a decrease in the *value of such entity's interest in such property.*" (Emphasis added). Many courts prior to *Timbers* have concluded that based on the plain language of § 361, what needs to be protected is the secured creditor's interest in the property and not the value of the collateral. These courts hold that a secured creditor's right to foreclosure is a protectable interest and, therefore, they provide adequate protection by awarding "opportunity costs" payments to undersecured creditors as compensation for the delay in foreclosing on the collateral. *In re American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir.1984); *Grundy National Bank v. Tandem Mining Corp.*, 754 F.2d 1436 (4th Cir.1985). Of course in *Timbers,* the Supreme Court overruled these decisions and held that the "value of such entity's interest in such property" under § 361 really means the "value of the collateral". The *Timbers* court stated on page 630 that:

> "The phrase 'value of such creditor's interest' in § 506(a) means 'the value of the collateral'. (Citations omitted) We think the phrase 'value of such entity's interest' in § 361(1) and (2) when applied to secured creditors, means the same."

Accordingly, if it is the "value of the collateral" that is to be protected, a secured creditor is not entitled to adequate protection for the delay caused by the stay in foreclosing on the property. *Timbers* 108 S.Ct. at 630.

Before the *Timbers* case was decided, Congress enacted a separate standard for adequate protection in Section 1205 by eliminating the need of the family farmer to pay "lost opportunity costs" and adding another means for providing adequate pro-

tection of farmland i.e. paying reasonable market rent. The Joint Explanatory Statement of the Committee of Conference for the 1986 Act explains the changes as follows:

"Lost opportunity costs payments present serious barriers to farm reorganizations, because farmland values have dropped so dramatically in many sections of the country—making for many under-collateralized secured lenders. Family farmers are usually unable to pay lost opportunity costs. Thus, family farm reorganizations are often throttled in their infancy.

Accordingly, section 1205 of the conference report provides a separate test for adequate protection in Chapter 12 cases. It eliminates the need of the family farmer to pay lost opportunity costs, and adds another means for providing adequate protection for farmland—paying reasonable market rent. Section 1205 eliminates the indubitable equivalent language of 11 U.S.C. 361(3) and makes it clear that *what needs to be protected is the value of property, not the value of the creditor's interest in property* ..." (Emphasis added)

Since the plain language of Section 1205 clearly reflects Congress's intention to protect the "value of property", then in order to justify adequate protection payments, the Creditor must show that the value of the property is declining. *Turner* at 469.

The case of *In re Turner, supra,* involved a Chapter 12 proceeding wherein an undersecured creditor with a first lien on the farm property moved for adequate protection from the debtor in the form of reasonable rental payments under § 1205(b)(3). The *Turner* Court adopted the Supreme Court's rationale in *Timbers* and held that undersecured creditors were not entitled to recover lost opportunity costs in Chapter 12 cases. In its reasoning, the Court emphasized that before § 1205(b)(3) can be considered, the Court must first make a finding that adequate protection is necessary under § 362, § 363 or § 364. The Court commented that:

"The provision in § 1205(b)(3) of a unique method of adequate protection for Chapter 12 cases in the form of reasonable rents does not automatically mandate that all creditors such as Traveler's are entitled to adequate protection payments in this fashion. Rather, the secured creditor is still required to show a necessity for adequate protection, which would include, in this case at least, a showing that the farm property securing Traveler's debt was likely to decrease in value between the time of filing of the debtor's petition and action by the Court on confirmation. Had that showing been made by Traveler's, § 1205(b)(3) appears to provide a per se form of adequate protection. That is, the fair rental value is adequate protection without the necessity of the rental fully compensating for a decline in land values."

Lastly, the Court must note that it is indeed mindful of the position an undersecured creditor is in as a result of the automatic stay if his collateral is not depreciating in value. However, the goal of the automatic stay is to "give the business a breathing spell and time to work constructively with its creditors" to propose a plan of reorganization. H.R.Rep. No. 595, 95th Cong. 2d Sess. 174, reprinted in 1978 U.S. Code Cong. & Ad.News 5787, 5963, 6135. The continuation of the stay contemplates a debtor that is reorganizable and that is actively pursuing that goal. If there is no reasonable likelihood of reorganization or the debtor unreasonably delays in its efforts to reorganize, then the Court may enforce several important provisions of the Code which are designed to protect the creditor. For instance, the time limitations in Chapter 12 cases are set forth in the Code and are significantly shorter than those in a Chapter 11 case. A debtor is required to file its plan within ninety days of the filing and a hearing on confirmation of such a plan shall be conducted within forty-five days of the filing of the plan, except as extended for cause. See § 1221 and § 1224. If the debtor unreasonably delays in the filing of the plan, a creditor may move the court to dismiss the case under Section 1208, for cause, including

unreasonable delay or gross mismanagement by the debtor that is prejudicial to creditors or failure to file a timely plan.

Accordingly, this Court, adopting the reasoning of the *Timbers* and *Turner* courts, holds that the creditor's request to receive rental payments for adequate protection from the loss of his right to immediate foreclosure on the property is, in effect, a request for lost opportunity costs which has been prohibited by *Timbers*. Further, by requesting lost opportunity costs, an undersecured creditor is actually seeking to recover postpetition interest and 11 U.S.C. § 502(b)(2) and § 506(b) clearly disallow such payments.

The Court, therefore, holds that the creditor's motion for relief from the automatic stay or, in the alternative, for adequate protection be and hereby is OVERRULED.

This Memorandum–Opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.Pro. 7052.